MICHAEL H. MARKS, Appellant, Respondent, *v.* PETER F. LEBKEUCHER, Respondent, Appellant.

First Department, May 25, 1928.

*Robert I. Rogin* of counsel [*Louis H. Moos*, attorney], for the plaintiff.

*Herbert Plaut* of counsel [*Charles E. Scribner* with him on the brief; *Rabenold & Scribner*, attorneys], for the defendant.

PROSKAUER, J. Plaintiff sues for commissions earned as a real estate broker in the State of Florida. He alleges that he was employed by the defendant in July, 1925; that in August, 1925, an option was given to the purchaser to buy the property in question; that the option was subsequently exercised and that his commissions were thus earned. In two separate defenses the defendant pleads a Florida statute, known as the Real Estate Brokers' Law, which became a law on May 26, 1925. In section 3 of this statute it was provided that it shall be "unlawful for any person * * * to do business as a real estate broker" until certain license and registration fees should be paid, and that "no person shall be permitted to recover in any court in this State for services rendered or claimed to have been rendered in the sale or purchase of real estate, unless such person has, at the time of such transaction, complied with the provisions of this Act as to payment of license fees." Section 12 of the act provides: "That on and after the 30th day of September, 1925, it shall be unlawful for any person * * * to act as a real estate broker * * * without first obtaining a real estate broker's license." In other sections the statute created a scheme by which the license and registration fees were paid into a separate fund, from which was to be defrayed the expenses of maintaining the governmental machinery for examining applicants and issuing these licenses. In the first defense the defendant alleges the failure of the plaintiff to pay the license fees. In the second and partial defense the

defendant sets up that part of the purchase price was not paid until after September 30, 1925, that the plaintiff had not procured a license as required by the statute and that, therefore, he was not entitled to commissions on any of the purchase price paid subsequent to September 30, 1925. The plaintiff, by motion, attacked the sufficiency of both these defenses. At the Special Term the first defense was held insufficient and the second and partial defense was held to be good.

We approve the ruling with respect to the first separate defense. While the statute provided that it should take effect immediately, by its express terms some of its provisions were postponed. It was not required that a license be procured until after September 30, 1925. The statutory period between the application for a license and its issuance was fixed at a minimum of ten days. The license and registration fee had to be paid with the application. The only penalty prescribed by section 3 for failure to pay the license fee was a prohibition against recovery in the courts of the State of Florida. We find no legislative intent to deprive a plaintiff of the honest fruits of his labor by a mere failure to pay the license and registration fees six weeks before the time fixed for the procurement of a license.

We hold further that the second and partial defense is insufficient. The plaintiff's services were completely rendered on and prior to August 15, 1925. His cause of action did not completely mature until thereafter because the option had not then been exercised. This exercise of the option, however, was something over which he had no control and which required no further act on his part. He was in the same position as a broker who had negotiated a definite contract of sale prior to September thirtieth with a proviso that his commission was not to be payable until title closed thereafter. While his cause of action would not have come into being, his work was fully performed prior to September 30, 1925.

The order should be affirmed in so far as it held the first separate defense insufficient and reversed in so far as it held the second and partial defense good, with ten dollars costs and disbursements to the plaintiff.

DOWLING, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Order in so far as it directs that the first defense be stricken out affirmed; in so far as said order denies the motion to strike out the second defense reversed, with ten dollars costs and disbursements to the plaintiff and the motion to strike out the second defense granted.